UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| Intuitive Design Systems LLC, *Plaintiff* <br><br> v. <br><br> Seton Hall University *Defendant.* | Civil Action No. 18-CV-15710 <br><br> Jury Trial Demanded |

COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Intuitive Design Systems LLC ("IDS") complains and alleges as follows against the above captioned Defendant. The allegations herein are made based on personal knowledge as to IDS with respect to its own actions, and upon information and belief as to all other matters.

PARTIES

1. Defendant Seton Hall University is a New Jersey Non-Profit corporation having a place of business in South Orange, New Jersey ("SHU").

2. SHU operates parking facilities.

3. Plaintiff INTUITIVE DESIGN SYSTEMS LLC (IDS) is a New Jersey entity, and is the owner, by assignment, of U.S. Patent No. 6,832,206 to Chelnik ("the '206 Patent"), attached as Exhibit A.

## JURISDICTION AND VENUE

4. This is an action for patent infringement arising under 35 U.S.C. §1, *et seq.* This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331.

5. This Court has personal jurisdiction over the Defendant because the Defendant resides in this District.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §1400(b) because the Defendant resides in this District.

## THE '206 PATENT

7. The claims of the '206 Patent are valid and enforceable.

8. The '206 Patent teaches, *inter alia*:

   "The present invention is directed toward a method and apparatus for efficiently and accurately checking a parking facility to verify that the vehicles parked therein are legitimately parked. The present invention utilizes computer technology, various software applications, such as database applications, and various data transfer technologies that enable a parking facility to maintain accurate and updated records for the vehicles parked in their facility. The present invention eliminates the occurrence of fraud or improper usage of the parking facility and facilitates the regulation of overdue customer accounts. Furthermore, the present invention dramatically reduces the time previously required to check a parking facility by providing both on-site and remote access to pertinent information relating to automobiles parked therein." U.S. Patent 6,832,206, *Abstract.*

## SHU'S INFRINGEMENT

9. SHU operates one or more parking facilities where automobiles are parked.

10. SHU checks on and verifies the status of automobiles parked in its facilities using a computer database.

11. On information and belief, the computer database has pertinent information on the automobiles parked in the facilities. Portions of the database have information relating to checking the parking facilities including vehicle characteristics.

12. On information and belief, automobiles parked in the facilities have identification means affixed to them.

13. On information and belief, SHU uses portable units to check on the vehicles in its parking facilities using the information in the computer database and determine whether vehicles are authorized to park in said facilities.

14. Defendant was notified of the existence of the '206 Patent and of their infringement at least as early as 23 March 2018, but refused to cease infringing or license the '206 Patent.

## COUNT I – PATENT INFRINGEMENT

15. The foregoing numbered paragraphs are incorporated by reference into this section.

16. Defendants have infringed one or more claims of the '206 Patent by making, using, selling, offering for sale, or selling products and/or services that meet each of the limitations of one or more claims of the '206 Patent.

17. SHU Continues to operate its parking facilities in an infringing manner, despite being notified of its infringement by Plaintiff on at least two occasions by letter referencing the '206 Patent.

18. Defendants infringe each and every limitation of at least claim 12 of the '206 patent.

### COUNT II – CONTRIBUTORY OR INDUCED INFRINGEMENT

19. The foregoing numbered paragraphs are incorporated by reference into this section.

20. On information and belief, SHU uses subcontractors, managers, agents, or other third parties ("Third-Party Infringers") to operate or assist in the management of its parking facilities. Said subcontractors or other third parties infringe one or more of the claims of the patent in suit.

21. SHU was aware of its infringement of the '206 Patent at least as early as Plaintiff's notification thereof, yet continued to cause its Third-Party Infringers to operate or assist in the management of parking facilities on its behalf.

22. SHU's continued use of Third-Party Infringers to operate parking facilities on its behalf constitutes contributory and/or induced infringement.

### COUNT III – WILLFUL INFRINGEMENT

23. The foregoing numbered paragraphs are incorporated by reference into this section.

24. Defendant's continued infringement of the patents is willful given their knowledge of the '206 Patent.

### PRAYER FOR RELIEF

Plaintiff prays for entry of judgment against Defendants, jointly and severally, granting relief as follows:

A. Judgment that each Defendant infringes one or more claims of the '206 Patent, directly and/or indirectly, literally and/or under the doctrine of equivalents.

B. Judgment that the Defendant contributes to and induce the infringement of one or more claims of the '206 Patent, literally and/or under the doctrine of equivalents.

C. An Order for an accounting.

D. An award of damages pursuant to 35 U.S.C. §284 sufficient to compensate Plaintiff for Defendants' past infringements, and any continuing or future infringement, up until the date that Plaintiff's patent expires;

E. A determination of a reasonable royalty for any future infringement by Defendants, and an Order to Defendants to pay such royalty on future infringement;

F. As assessment of pre-judgment and post-judgment interest and costs against Defendants, and an Order awarding such interest and costs, in accordance with 35 U.S.C. §284;

G. That Defendant be directed to pay enhanced damages, including Plaintiff's attorneys' fees, incurred in connection with this lawsuit pursuant to 35 U.S.C. §285;

H. An injunction against continued infringement, including but not limited to an injunction against SHU or their agents verifying the status of vehicles parked at SHU facilities; and

I. Such other and further relief as this Court may deem just and proper.

JURY DEMAND

Plaintiff demands a trial by jury on all issues.

Date: 6 Nov. 2018.

Respectfully Submitted,

By: *Erik Dykema*

Craig Uhrich
CraigUhrich@upshawpllc.com

Erik Dykema
ErikDykema@upshawpllc.com

**Upshaw PLLC**
1204 Gano Street
Dallas, Texas 75215

4 Manheim Road
Essex Fells, NJ 07021

972.920.8000

*ATTORNEYS FOR PLAINTIFF*
Intuitive Design Systems LLC